# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LA VERNE FOSTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-04001-TWP-DML |
| MEGAN J. BRENNAN, Postmaster General of the United States Postal Service, | ) ) ) ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTIONS TO AMEND

This matter is before the Court on Defendant Megan J. Brennan's ("Brennan") Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction (Dkt. 34). Also before the Court are three separate Motions to Amend and Supplemental Pleadings filed by Plaintiff La Verne Foster ("Foster") (Dkts. 48, 53 and 54). For the reasons stated below, the Motion to Dismiss the Amended Complaint is **granted** and the Motions to Amend and Supplement are **denied**.

## I. DISCUSSION

The facts and procedural background of this case are set forth in detail in the Court's July 17, 2019 Entry on Pending Motions, (Dkt. 32), and are only summarized in this Order. Foster was employed for many years by the United States Postal Service and on December 19, 2018, filed a Complaint seeking damages for breach of an Equal Employment Opportunity settlement agreement against Brennan in her official capacity as the Postmaster General of the United States Postal Service. On July 17, 2019, the Court granted Brennan's motion to dismiss Foster's complaint against the Postmaster General for lack of subject matter jurisdiction. (Dkt. 32). The Court determined that because the government had not waived its sovereign immunity, it did not

have subject matter jurisdiction over the action. The Court also noted that even if sovereign immunity did not bar Foster's claims, relief against the government for breach of contract must be brought in the Court of Federal Claims. *See* Dkt. 32, at pp. 5-6. Because she is a *pro se* litigant proceeding *in forma pauperis*, Foster was given to an opportunity to amend her complaint or to show cause why this action should not be dismissed for lack of subject matter jurisdiction. See *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

Foster filed an Amended Complaint on July 26, 2019 (Dkt. 33), and Brennan has moved to dismiss the Amended Complaint. After the motion for dismissal of the Amended Complaint was fully briefed, and without seeking leave of court, Foster filed new amended complaints on August 26, 2019 (Dkt. 38), and on August 30, 2019 (Dkt. 40). Brennan filed a Motion to Strike the two amended complaints, (Dkt. 41), which the Court granted (Dkt. 52). Foster then filed a Motion for leave to Amend (Dkt. 43), which was also denied. *See* Dkt. 52.

Presently before the Court are three new motions which seek to supplement or amend the pleadings (Dkt. 48, Dkt. 53 and Dkt. 54); however, each filing appears to be another amended complaint. As argued by Brennan, Foster's proposed amendments primarily address the scope of her alleged damages in this case rather than assert new or amended causes of action that might cure the jurisdictional deficiencies of her original or amended complaint. None of these filings contain a substantive legal amendment and none of the filings address whether the United States has waived sovereign immunity. Accordingly, Foster's three Motions to Amend or Supplement the Amended Complaint (Dkt. 48, Dkt. 53 and Dkt. 54),) are each **denied** because the proposed

supplementations fail to address the jurisdictional deficiencies to the Amended Complaint, and none cure her subject matter deficiencies.

Likewise, the Court must **grant** Brennan's Motion to Dismiss the Amended Complaint. "The United States, as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Such consent will be found only where it is "unequivocal" and "unmistakably clear." *In re Equip. Acquisition Res., Inc.*, 742 F.3d 743, 750–51 (7th Cir. 2014). As the party asserting jurisdiction, Foster has the burden of showing that the United States has waived its sovereign immunity with respect to the claims. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

In her Amended Complaint and numerous supplementations, Foster does not assert that Brennan has waived sovereign immunity, and she has not pointed to any statute that actually supports waiver. Brennan's arguments regarding a lack of subject matter jurisdiction, sovereign immunity, and a lack of waiver of immunity are well taken and supported by law. Controlling regulation and federal case law unambiguously establish that the United States has not waived its sovereign immunity as to claims of this type in Article III courts and, accordingly, Foster's Amended Complaint must be **dismissed**.

## II. <u>CONCLUSION</u>

For the reasons stated above, Defendant Megan J. Brennan's Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction, dkt. [34], is **GRANTED**. Plaintiff La Verne Foster's Amended Complaint, dkt. 33, is **DISMISSED with prejudice**. Foster's Motions to Amend and Supplement Pleadings, dkt. [48], dkt. [53] and dkt. [54]), are each **DENIED**.

Final judgment will issue in a separate order.

**SO ORDERED.**

Date: 11/13/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

La Verne Foster
5305 Cotton Bay Drive West
Indianapolis, Indiana 46254-4520

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov